Ex parte Elmer Howard WHISENANT, Jr., Applicant.

No. WR–82063–01.

Court of Criminal Appeals of Texas.

Oct. 15, 2014.

---

Scott Pawgan, Huntsville, TX, for Applicant.

Connie Keith, District Attorney, Cleburne, TX, Lisa C. McMinn, State's Attorney, Austin, TX, for the State.

## ORDER

PER CURIAM.

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court a post-conviction application for writ of habeas corpus in this cause. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim.App.1967). Applicant was convicted of six counts of aggravated assault, one count of violation of a protective order, one count of burglary of a building, one count of retaliation, two counts of aggravated sexual assault, and two counts of obstruction. He was sentenced to imprisonment for seven terms of twenty years, four terms of ten years, and two terms of seventy years. The Tenth Court of Appeals affirmed his convictions. *Whisenant v. State*, No. 10–01–00305–CR, 2003 WL 1090504 (Tex.App.-Waco 2003, pet. ref'd) (not designated for publication).

■ Since we received this application, Applicant, who is represented by counsel, has filed a motion with this Court asking us to remand the habeas application to the convicting court for additional fact development by way of an evidentiary hearing. In his motion, he explained:

> For strategic reasons, Applicant only filed the writ of habeas corpus and did not file the declarations/affidavits or additional evidence with the writ. Counsel knew credibility issues would be critical in several grounds for the writ, so Counsel firmly believing Applicant had plead facts in his writ if true, would entitle Applicant to relief, was trying to avoid the factual issues being decided solely on affidavits/declarations. If the declarations/affidavits were filed with the writ, Counsel felt the likelihood of not receiving a live hearing would increase greatly. Counsel was waiting for the order designating issues before filing

Applicant's evidence. Counsel understands and realizes that in ground one, Applicant is claiming to file the affidavits of the children contemporaneously with the writ. However, that was oversight on Counsel's part, not changing that ground to delete that portion when the strategic decision to not include the affidavits/declarations with the filing of the writ.

He went on to say that the State's response and the trial court's order finding no controverted, previously unresolved facts were never sent to him. He has also included sworn declarations and affidavits with his motion that were not filed with his application in Johnson County, the county of conviction. We decline to remand his application at the present time.

 A post-conviction application for writ of habeas corpus under Article 11.07 "must be filed with the clerk of the court in which the conviction being challenged was obtained." TEX.CODE CRIM. PROC. art. 11.07, § 3(b). The allegations in the application should be sufficiently concrete and detailed as to plead "facts which, if true, entitle him to relief." *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Crim.App. 1985). If the application alleges sufficient facts and the State denies them (either explicitly or by simply failing to admit them), the convicting court should enter an order designating the "controverted, previously unresolved facts which are material to the legality of the applicant's confinement" (the so-called "ODI," or "order designating issues"), and it should also determine how to go about resolving those controverted facts—whether by "affidavits, depositions, interrogatories, additional forensic testing, [and/or] hearing, as well as using personal recollection." TEX. CODE CRIM. PROC. art. 11.07, § 3(b), (d). Of course, an applicant may, and very often does, supplement his pleading by attaching affidavits and documentary evidence. These are meant both to augment the specificity of his factual allegations and also, to a certain extent, to contribute to the satisfaction of his ultimate burden to prove his entitlement to relief by a preponderance of the evidence. The State sometimes likewise proffers evidence along with its responsive pleading. In either event—whether the proof accompanies the pleading or awaits development after the convicting court's ODI, or both— it should ordinarily be the case that the factual development that follows an adequately pled 11.07 writ application should be substantially completed before the convicting court enters its recommended findings of fact to be transmitted to this Court, which is the court of return. *Id.*, § 3(a), (d). Evidentiary materials should not ordinarily be submitted directly to this Court, either before or after the convicting court has transmitted the record to us, for that prevents the convicting court from fulfilling its institutional function to develop the facts and make its "Johnny–on–the–Spot" recommendations to this Court as to how conflicts should be resolved. *Cf. Ex parte Simpson*, 136 S.W.3d 660, 669 (Tex.Crim.App.2004) ("Although we might have the implicit authority to consider evidentiary materials [in post-conviction habeas corpus cases] filed directly with this Court, normally the jurisprudential considerations of efficiency, effectiveness, and comity to the [convicting] court counsel against such consideration.").

 Applicant has waited to file his affidavits and declarations directly with this Court, along with his motion for remand. Because they were not filed with the convicting court in Johnson County, however, they are not presently properly before this Court. By filing them directly with this Court, Applicant deprived the convicting court of evidence and undermined its stat-

utory duty to decide whether there were controverted, previously unresolved facts material to the legality of Applicant's confinement and to recommend to this Court how such fact issues should be resolved. TEX.CODE CRIM. PROC. art. 11.07, § 3(d). Even if an application has already been transferred to this Court, an applicant who wishes the convicting court and this Court to consider supplemental evidence should file these materials in the convicting court in the county of conviction. If they are filed only with this Court, we will not consider them absent "compelling and extraordinary circumstances[.]" *Simpson, supra,* at 609. Applicant offers no such circumstances in his motion to remand.

If Applicant wishes to properly present his affidavits, declarations, and other documentary evidence to this Court, he may file them with the convicting court in Johnson County within 30 days of the date of this order. If he does file them there, the District Clerk shall immediately forward them to this Court as a supplemental record.

Applicant's present motion to remand, however, is denied.