

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-84,073-01

**EX PARTE MARTIN PENA, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1379020-A IN THE 184TH DISTRICT COURT
FROM HARRIS COUNTY**

*Per curiam*.

# O R D E R

This is an application for a writ of habeas corpus. TEX. CODE CRIM. PROC. art. 11.07. Applicant pleaded guilty to delivery of a controlled substance and was sentenced to fifteen years' imprisonment. TEX. HEALTH & SAFETY CODE § 481.112(f). He did not appeal his conviction.

Applicant contends that his guilty plea was involuntary and the State failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We filed and set his application for submission and directed the parties to brief whether: "(1) the misconduct in Applicant's case should be imputed to the prosecution for purposes of Applicant's *Brady v. Maryland* claim; (2) this misconduct is exculpatory; and (3) Applicant's plea was involuntary because of 'impermissible conduct by state agents.' *Brady v. United States*, 397 U.S. 742, 757 (1970)." *Ex parte Pena*, No.

WR-84,073-01 (Tex. Crim. App. Nov. 18, 2015) (not designated for publication). We have received the parties' briefs.

Attached to the State's brief as Appendix A is a Houston Police Department incident report. This report was not filed in the trial court first, yet it seems to be offered as additional evidence. Applicant has now filed in this Court a motion to strike the State's brief or, in the alternative, to strike Appendix A and all references to it from the State's brief. In his motion, Applicant contends that Appendix A was not made part of the habeas record and is otherwise inadmissable hearsay, that we do not hear evidence, and that the State's attempt to supplement the record at this stage in the proceedings is improper.

The State disagrees. It argues that Applicant's motion is not supported by precedent or a rule of procedure, that Appendix A was filed to assist this Court in determining whether Applicant's guilty plea was involuntary and evidence is material under *Brady v. Maryland*, that the Rules of Appellate Procedure are silent as to how a party should supplement the habeas record, and that Appendix A should not be rejected on hearsay grounds.

We will not strike the State's brief, but we will conditionally grant Applicant's motion to strike Appendix A and references to it from the State's brief.

An Article 11.07 application "must be filed with the clerk of the court in which the conviction being challenged was obtained." TEX. CODE CRIM. PROC. art. 11.07, § 3(b); *cf.* TEX. R. APP. P. 73.4(a) ("The district clerk of the county of conviction shall accept and file all Code of Criminal Procedure article 11.07 applications."). There is no provision in Article 11.07 or the Rules of Appellate Procedure that permits a party to file evidence directly in this Court. Nor is there a provision explaining how a party should supplement the record after we have received an Article

11.07 application or filed and set it for submission.[1]  But we have said that evidence should not ordinarily be filed directly in this Court.  In *Ex parte Whisenant*, the applicant filed in this Court a motion to remand and included evidence that was not filed in the trial court.  443 S.W.3d 930, 931–32 (Tex. Crim. App. 2014).  He explained that he made a strategic decision not to file evidence in the trial court.  *Id.*  We declined to consider the evidence he filed in this Court but permitted him to file his evidence in the trial court.  "Evidentiary materials," we wrote, "should not ordinarily be submitted directly to this Court, either before or after the convicting court has transmitted the record to us, for that prevents the convicting court from fulfilling its institutional function to develop the facts and make its 'Johnny-on-the-Spot' recommendations to this Court as to how conflicts should be resolved."  *Id.* at 932.  We recognized, however, that in "compelling and extraordinary circumstances," we may consider evidence filed directly in this Court.  *Id.* at 933 (quoting *Ex parte Simpson*, 136 S.W.3d 660, 669 (Tex. Crim. App. 2004)).[2]

Today, we leave the broad principles in *Whisenant* undisturbed and explain the procedures a party must follow if, after we have received an Article 11.07 application from the county of conviction or filed and set it for submission, the party wishes this Court to consider evidence not filed in the trial court.

If we have filed and set an application for submission, a party has two options.  First, the

---

[1]  Article 11.07 and Rule of Appellate Procedure 76(d) use the word "docketed."  *See* TEX. CODE CRIM. PROC. art. 11.07, § 5 ("The Court of Criminal Appeals . . . may direct that the cause be docketed and heard as though originally presented to said court or as an appeal."); TEX. R. APP. P. 76(d) (The Court of Criminal Appeals will sit en banc to consider "cases that were docketed under Code of Criminal Procedure articles 11.07 or 11.071.").  For the purposes of Applicant's case, "docketed" means "filed and set for submission."

[2]  *Simpson* was a proceeding under Article 11.071 of the Code of Criminal Procedure.  Like *Whisenant*, the applicant in *Simpson* filed evidence directly in this Court.  We declined to consider her evidence and explained that we "are not the convicting trial court, and we are not the original factfinders. It is generally fruitless, if not counterproductive, to file original evidentiary materials relating to a habeas claim with this Court rather than the trial court."  *Simpson*, 136 S.W.3d at 668–69.

party may file evidence directly in this Court with a motion for this Court to consider the evidence. In this motion, the party should describe the evidence for this Court to consider and explain its evidentiary value and why "compelling and extraordinary circumstances" exist for us to consider it. In an Article 11.07 proceeding, such circumstances must be truly exceptional before we will consider evidence filed directly in this Court. Second, the party may file in this Court a motion to supplement in the trial court. In this motion, the party should describe the evidence the party intends to file in the trial court and explain its evidentiary value and why the evidence could not have been filed in the trial court before we filed and set the application for submission. After we have filed and set an Article 11.07 application for submission, we will not consider evidence that was not filed in the trial court unless a party follows these procedures and we grant the appropriate motion.

These procedures are not required when an Article 11.07 application has been received and is pending before this Court but has not been filed and set for submission. In these circumstances, if a party wishes this Court to consider evidence not filed in the trial court, the party must file in this Court a motion to stay the proceedings pending the filing of the evidence in the trial court. In this motion, the party should describe the evidence the party intends to file in the trial court and explain its evidentiary value. If we grant the motion, we will give a designated time frame for the party to file the evidence in the trial court.

Finally, if an Article 11.07 application is pending in the trial court and has not been forwarded to this Court, a party may file additional materials in the trial court without having to file a motion in this Court or the trial court.

Applicant's motion to strike Appendix A and references to it from the State's brief is conditionally granted. If the State wishes this Court to consider Appendix A as evidence, it shall

comply with the procedures set out in this order within thirty days of the date of this order. If the State fails to do so, Appendix A and references to it will be considered struck and will not be considered for any purpose.

Filed: March 9, 2016
Publish