

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,786-01 & 84,786-02

### EX PARTE JEFFREY SHAWN POINTER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. CR07-300A & CR07-301-A IN THE 235TH DISTRICT COURT FROM COOKE COUNTY

YEARY, J., filed a concurring opinion in which KEASLER, HERVEY, and NEWELL, JJ., joined.

### CONCURRING OPINION

It has long been the Court's practice to require convicting courts to appoint counsel to indigent applicants for post-conviction habeas corpus relief whenever we remand the writ application for a formal evidentiary hearing. We have typically done so without citing any particular authority—other than the statute that generally sets out the *procedure* for appointing counsel for criminal trials and appeals. TEX. CODE CRIM. PROC. art. 26.04. A complaint has now been registered that it is misleading for us to authorize counsel under these circumstances because it implies that an indigent applicant is not entitled to counsel

under any *other* circumstances, contrary to the evident legislative purpose behind Article 1.051, Section (d)(3) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 1.051, § (d)(3). Concurring Opinion at 2. I write to address this concern.

Indigent post-conviction applicants for habeas corpus relief are not constitutionally entitled to the assistance of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1, 10 (1989). Their criminal trials are over, and appellate review has been exhausted. Any right to state-financed court-appointed counsel for purposes of initiating and prosecuting a separate habeas corpus proceedings is purely a matter of legislative grace.[1] In Texas, the Legislature has indeed stepped in and provided a qualified entitlement to post-conviction habeas counsel by way of Article 1.051, Section (d)(3) of the Code of Criminal Procedure, which provides:

> (d) An eligible indigent defendant is *entitled* to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters:
>
> * * *
>
> (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation.

TEX. CODE CRIM. PROC. art. 1.051, § (d)(3) (emphasis added). But what, exactly, does this

---

[1] *Cf. In re Hall*, 286 S.W.3d 925, 927-28 (Tex. 2009) (recognizing that there is no constitutional right to counsel in collateral post-conviction proceedings and inquiring whether a juvenile offender has a statutory right to counsel).

statutory "entitlement" amount to? Perhaps more importantly, how and when is it triggered?[2]

In non-death-penalty cases, there is no statutory provision that expressly authorizes the appointment of counsel to assist an indigent inmate in the *investigation and preparation* of a post-conviction application for writ of habeas corpus seeking relief from a felony conviction.[3] This is so even though the investigation and pleading may be the most crucial

---

[2] It has been suggested elsewhere that Article 1.051, Section (d)(3), and Article 11.07, Section 3(d), together "provide an adequate basis upon which to conclude that appointment of counsel is required in any case in which either the pleadings or the face of the record gives rise to a colorable, non-frivolous claim for which legal expertise is required in order to ensure that the claim is afforded meaningful consideration." *Ex parte Garcia*, ___ S.W.3d ___, No. WR-83,681-01, 2016 WL 1358947 (Tex. Crim. App. Apr. 6, 2016), at *__ (Alcala, J., dissenting). Section 3(d) of Article 11.07 authorizes the convicting court to "appoint an attorney or a magistrate to hold a hearing and make findings of fact." I am doubtful that this language was meant to actually authorize appointment of an attorney for the purpose of representing the habeas applicant. It seems more likely to have been intended to authorize the appointment of an attorney to *preside* over any *hearing*, and then prepare findings of fact, much as a magistrate might do. As for Article 1.051, Section (d)(3), while it might indeed be construed to "provide an adequate basis to conclude" that appointment of counsel is necessary under a particular set of circumstances, that is not exactly the same as determining whether that is in fact what the Legislature intended the statute to do.

[3] By contrast, our death penalty post-conviction habeas statute expressly requires the appointment of counsel for indigent applicants to investigate and prepare post-conviction applications for writ of habeas corpus in death penalty cases. TEX. CODE CRIM. PROC. art. 11.071, § 3(a). Indeed, Article 11.071 presumes that every death penalty will be followed by a post-conviction habeas application, and it contains a built-in mechanism for the appointment of counsel to investigate and prepare it. *Id*. § 2. *See also*, *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (under the federal statute governing appointed counsel in capital cases, "Congress . . . established a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings"). Article 11.07 embodies no similar presumption that every felony conviction will be followed by a post-conviction writ application, and neither Article 11.07, nor Article 1.051(d)(3), contains a comparable mechanism to automatically trigger the involvement of counsel in investigating and preparing a post-conviction writ application.

As of 2015, however, the Legislature enacted Article 11.074, and expressly made it retroactive. Acts 2015, 84th Leg., ch. 608, §§ 1 & 2, p. 2030, eff. June 16, 2015. Under Article 11.074, at the State's behest, the convicting court "shall appoint an attorney" to an indigent inmate "for purposes of filing an application for a writ of habeas corpus" when the State "represents" that

stage of all, since an application will be routinely denied if it fails even to *allege* facts which, if true, would entitle the applicant to relief. *Ex parte Whisenant*, 443 S.W.3d 930, 932 (Tex. Crim. App. 2014). The incarcerated inmate can hardly be expected to conduct the investigation for himself, and he will not ordinarily be equipped to distinguish those claims that are cognizable from those that are not under our habeas corpus jurisprudence.

Even so, Article 1.051, Section (d)(3) does not seem to contemplate appointment of counsel at this preliminary investigation/preparation stage. After all, unless and until a habeas application has been filed, how can the convicting court know that a lawsuit has been initiated such that the "interests of justice" may "require representation"? Indeed, there is no "habeas corpus proceeding" at all for purposes of the statute until the application itself has been filed. *See* TEX. CODE CRIM. PROC. art. 1.051, § (d)(3) (providing for appointment of counsel for indigent applicants in "a habeas corpus proceeding"). So, it does not appear that the Legislature intended that counsel should be appointed for the investigation and preparation of a non-death-penalty post-conviction application for writ of habeas corpus. *Cf. Hernandez v. State*, 530 S.W.2d 563, 567 (Tex. Crim. App. 1975) (due process does not require the appointment of counsel "for the investigation of possible habeas corpus attacks"). For this reason, the statute does not contemplate that either the convicting court or this Court

---

the inmate is not guilty, is guilty only of a lesser offense, or has been convicted or sentenced under a law that was later declared to be unconstitutional. To this limited extent, then, an inmate in a non-death-penalty case may be statutorily entitled to the appointment of counsel for purposes of investigating, preparing, and "filing" his initial writ application—but only upon the "representation" of the State.

should become involved in scanning "the face of the record" on a habeas corpus applicant's behalf in a quest to identify any "colorable, non-frivolous claims for which legal expertise is required[.]" *Ex parte Garcia*, ___ S.W.3d ___, No. WR-83,681-01, 2016 WL 1358947 (Tex. Crim. App. Apr. 6, 2016), at *__ (Alcala, J., dissenting).

Once a post-conviction writ application has been filed, the next step in the "habeas corpus proceeding" is for the convicting court to evaluate the pleading. Many will prove insufficient, even when read liberally, to make out a cognizable claim for habeas corpus relief. The interests of justice do not demand that the convicting court appoint counsel to pursue an application that must be denied for failure to make a prima facie case for habeas corpus relief.

If, on the other hand, an application does allege facts which, if true, might entitle the applicant to relief, the next step for the convicting court is to identify material contested issues and initiate any necessary factual development. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The convicting court may resort to various means of developing the record and resolving the facts, including "affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as personal recollection." *Id*. Some claims may be resolved simply enough without the involvement of appointed counsel. Whether the "interests of justice require representation" by counsel at this stage seems to me to be case-dependent, and the statute calls upon the convicting court to determine, at least in the first instance, whether the assistance of counsel is necessary to assure the fullness and fairness of that process given

the nature of the allegations and the ready availability of adequate means to resolve the disputed issues.

The interests of justice do not invariably require the appointment of counsel. For example, convicting courts often order trial counsel to file affidavits to respond to facially plausible claims of ineffective assistance of counsel, and such claims may be either established or refuted, to the satisfaction of the convicting court, on the basis of limited factual development. The same may be true of a colorable *Brady* claim[4]—a simple affidavit from the trial prosecutor may suffice to resolve the claim, either pro or con. Even a claim of actual innocence may be sufficiently straightforward that a simple forensic test will serve to support or refute it, without the necessity of involving appointed counsel to represent the indigent inmate.

Of course, many cases will prove more complex—legally, factually, or both. In truly complex cases, the indigent inmate may have difficulty marshaling his case *pro se*. It may very well be that in such cases the better—even the more expedient—course of action for the convicting court to take is to appoint counsel to the indigent inmate to grease the wheels of justice. The more complicated the case, legally or factually, the more that counsel may be needed to provide a counterbalance to the inevitable pressure exerted by the State's legal representative to deny relief, assist the convicting court in comprehending and properly revolving the issues, and assure that the applicant receives his one full and fair bite at the

---

[4] *See Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutorial suppression of exculpatory evidence violates due process).

post-conviction habeas corpus apple. Especially with the advent of the legislative codification of the abuse of the writ doctrine, TEX. CODE CRIM. PROC. art. 11.07, § 4, the interests of justice may well demand the appointment of counsel to represent an indigent inmate in these more complex cases.[5]

Because this Court is the court of return in post-conviction habeas proceedings, TEX. CODE CRIM. PROC. art. 11.07, § 3(a), we have the authority to remand any given habeas proceeding for further fact development, *with* the assistance of appointed counsel, in any case in which it seems to us that "the interests of justice" require it. That is to say, we may remand to permit the indigent applicant to have appointed counsel in any writ proceeding forwarded to us in which it is apparent from the nature and specifics of the particular case that the assistance of counsel is necessary to assure complete and accurate factual development below. However, we should not presume that every post-conviction habeas corpus proceeding will require such representation—even those that raise a "colorable, non-frivolous" claim of ineffective assistance of trial counsel. And, while pleadings filed by *pro se* applicants should indeed be construed liberally, that does not mean we should impose an

---

[5] Moreover, once counsel has been appointed for the indigent post-conviction habeas applicant in these more complex cases, counsel would be available to amend or supplement the *pro se* initial writ application to cure any potential deficiencies in the initial pleading or to supply a memorandum of law in support, as permitted in non-capital writ applications. *See Ex parte Saenz*, ___ S.W.3d ___, No. WR-80,945-01, 2016 WL 1359214, at *4 (Tex. Crim. App. del. Apr. 6, 2016) ("In general, when an applicant files amended or supplemental pleadings raising additional claims before we have disposed of his pending application, we consider the merits of his claims, so long as the pleadings comply with the rules and procedures in Article 11.07 and Rule of Appellate Procedure 73.1, and so long as the claims are otherwise cognizable and ripe for review.").

obligation on convicting courts to scour the record for any sign of ineffective assistance of trial counsel whenever an applicant might plead—or simply allude to—it, however inartfully.

After all, habeas corpus is an extraordinary remedy. The effect of post-conviction habeas corpus relief is to upset society's hard-won conviction—a conviction that in many cases has already survived the rigorous scrutiny of an appeal. The State has a legitimate interest in the maintaining the finality of such convictions. It would be anomalous to involve judges too directly in a process the ultimate goal of which is to undermine a result which the criminal justice system has already endeavored so strenuously to achieve. In this context, as much as (if not more than) any other, the quintessential role of the judge is to arbitrate, not to instigate—and certainly not to advocate.

In our remand orders, we often instruct the convicting court that, *if* it should choose to undertake factual development by way of an evidentiary hearing, *then* it "shall appoint an attorney to represent Applicant at the hearing." Though we do not cite Article 1.051, Section (d)(3), I presume that the Court's order in this regard represents our contingent judgment that, in the event the convicting court is persuaded that a claim is sufficiently substantial or complex so that the best means to develop the facts and resolve disputes is by way of live testimonial evidence, including cross-examination of witnesses, then the interests of justice require the assistance of counsel for the indigent inmate. But the order is not meant to prohibit the convicting court from appointing counsel *otherwise*, in its discretion, pursuant to Article 1.051, Section (d)(3), should it conclude that the interests of justice require it for

the sorts of reasons I have suggested above.

With these observations, I join the Court's order.

FILED:       June 8, 2016
PUBLISH