**EX PARTE Steve Herbert SPECKMAN, Applicant**

**NO. WR-81,947-02**

Court of Criminal Appeals of Texas.

Delivered: September 20, 2017

---

Jim Gibson 909, Throckmorton St., Fort Worth, Texas, 76102, for Applicant.

Andréa Jacobs, Assistant Criminal District Attorney, 401 West Belknap, Fort Worth, TX 76196–0201, Stacey Soule, State's Attorney, Austin, TX, for the State.

## OPINION

Alcala, J., delivered the opinion for a unanimous Court.

In this opinion, we explain our rationale for denying a motion to dismiss filed by Steve Herbert Speckman, applicant. Applicant's motion seeks dismissal of his Article 11.07 habeas application at a late stage in the proceedings after the habeas court has made findings of fact and conclusions of law recommending that relief be denied, and he seeks that dismissal without prejudice so that he may later refile his application. In response to applicant's motion, this Court filed and set this case to set forth general guidelines for resolving late-stage motions to dismiss without prejudice. We conclude that, in general, an Article 11.07 habeas applicant seeking a late-stage dismissal of his application without prejudice should show good cause, including an explanation about his reasons for believing that an alternate course of action such as amending or supplementing the application would be inadequate. Although we deny applicant's instant motion to dismiss, because he filed his motion without the benefit of this opinion, we will stay our resolution of his application for thirty days so as to permit him the opportunity to file a new motion to dismiss.

## I. Background

In 2004, applicant pleaded guilty to aggravated sexual assault of a child.[1] He was placed on deferred adjudication community supervision. In 2013, applicant's community supervision was revoked, and the trial court adjudicated him guilty and sentenced him to thirty years' imprisonment. The court of appeals affirmed the trial court's judgment and sentence. *See Speckman v. State*, Nos. 07-13-00232-CR, 07-13-00233-CR, 2014 WL 2191997, at *2 (Tex. App.— Amarillo May 23, 2014) (mem. op., not designated for publication).

After his direct appeal, applicant filed an Article 11.07 application for post-conviction habeas relief in which he presented various claims alleging actual innocence, trial-court errors, failure by the State to disclose exculpatory evidence, and ineffective assistance of both trial and appellate counsel. In response to the allegations, the habeas court entered an order designating issues, and it ordered trial counsel to provide an affidavit. No live evidentiary hearing was held. After it received trial counsel's affidavit, the habeas court adopted the State's proposed findings of fact and conclusions of law, and it recommended that relief be denied. Applicant subsequently filed various documents in response to the habeas court's findings and conclusions, including a motion to reopen the fact finding proceedings, a motion for an evidentiary hearing, and a document purporting to raise supplemental grounds and arguments in support of relief. The habeas court forwarded the application to this Court. After this Court received the application but before this Court adjudicated applicant's habeas claims, applicant filed a motion to dismiss his application without prejudice. Applicant's reasons for moving for dismissal were that the application had been "pled improperly," the "real issues were not developed," and the issues "have been misconstrued."

This Court filed and set this case to determine whether to grant applicant's late-stage motion to dismiss without prejudice and to explain the rationale underlying our decision. Specifically, we filed and set this case to discuss whether this type of motion should be subject to a rebuttable presumption of unreasonableness that must be overcome by the applicant before the motion may be granted. We further set out to explain the availability of suitable alternatives to dismissal that might allow an applicant to cure some defect or deficiency in his earlier pleadings while his application remains pending.[2] We requested and received briefs from the parties on these issues.[3]

## II. In General, Absent Good Cause, this Court Will Deny a Late-Stage Motion to Dismiss Without Prejudice

This Court has historically permitted Article 11.07 habeas applicants to volun-

---

1. *See* Tex. Penal Code § 22.021(a)(2)(B).

2. Our order filing and setting this case identified three issues for resolution: (1) whether we should adopt a rebuttable presumption that a motion to dismiss an Article 11.07 application is unreasonable if the motion is filed in this Court or a trial court after a trial court has factually developed the record and made findings of fact and conclusions of law; (2) if this Court were to adopt such a presumption, what factors this Court should consider when determining if an applicant has rebutted this presumption; and (3) what alternatives to late-stage dismissal are available to applicants seeking to dismiss their applications. *Ex parte Speckman*, No. WR-81,947-02, 2016 WL 4938331 (Tex. Crim. App. Sept. 14, 2016) (per curiam, not designated for publication).

3. We also received an amicus brief from the Texas Criminal Defense Lawyers Association (TCDLA).

tarily dismiss their applications without prejudice under limited circumstances, but none of our opinions have ever addressed the rationale for granting or denying such motions. The question before us, therefore, is one of first impression. As we explain more fully below, Article 11.07 late-stage motions to dismiss without prejudice will, in general, be denied in the absence of good cause for the dismissal. Because no statute or rule directly addresses the question before us in the instant case, this Court's procedures for resolving motions to dismiss in this context have been developed by weighing competing policy considerations, such as those presented by the State and applicant in their briefs to this Court.

The State suggests that the primary interests at stake in this case are society's interest in the finality of convictions and preservation of judicial resources. We agree that these are important considerations that weigh heavily against liberally permitting late-stage dismissals without a showing of good cause. It is clear from the statutory language in Article 11.07 that the Legislature has crafted a scheme that, while intended to permit each applicant one full and fair opportunity to pursue his post-conviction claims, is also designed to prevent perpetual litigation of cases on habeas. Section four of Article 11.07 provides that this Court may not consider the merits of a subsequent habeas application filed after final disposition of an initial application challenging the same conviction unless the applicant can demonstrate the existence of previously unavailable facts or law or his actual innocence. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4. We have observed that this statutory provision was enacted by the Legislature as a means of protecting the State's substantial interest in the finality of its convictions. *Ex parte Sledge*, 391 S.W.3d 104, 109 (Tex. Crim. App. 2013). To liberally permit late-stage dismissals without prejudice after a large portion of the habeas proceedings has already occurred is largely inconsistent with the Legislature's enactment of a procedural scheme envisioning a single bite at the habeas apple that fully and finally resolves all habeas claims. Further, liberally permitting late-stage dismissals could result in considerable wasted judicial resources. Even though the habeas proceedings are not concluded until this Court decides whether to grant or deny relief, prior to that point in time the habeas court has already expended a significant amount of judicial resources by reviewing evidence, making findings of fact and conclusions of law, and making a recommendation to this Court regarding the merits of an applicant's claims. Liberally permitting an applicant to discontinue his habeas litigation at that late stage without prejudice so that he may later refile the application, without any showing of good cause, would defeat the Legislature's efforts at creating an efficient system for the resolution of habeas complaints.

We also agree with the State that permitting late-stage dismissals may encourage premature habeas applications that should not have been filed until after they had been fully researched and developed. This Court has previously explained that an initial Article 11.07 application should present all possible claims for relief and should be filed only after an applicant has fully researched and developed all of his claims. *See Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997). Moreover, as the State suggests, were we to liberally permit late-stage dismissals without any showing of good cause, that procedural tactic could be misused by an applicant as a means of discovery of the State's response to his claims and of the habeas court's view of his claims, which he could then use to reformulate his position to

attempt to circumvent those positions. Thus, given all of these legitimate concerns, we agree with the State that public policy in favor of the finality of convictions and other considerations, in general, weigh in favor of denying motions to dismiss without prejudice in these types of cases.

■ Although we agree with the vast majority of the State's arguments, we disagree with its suggestion that we should apply a rebuttable presumption of unreasonableness to all late-stage motions for dismissal and require applicants to overcome that presumption before their motions may be granted. The term "rebuttable presumption" has a precise legal meaning, and applying that term here would appear to erect an overly rigid barrier for habeas litigants to overcome in order to have their motions granted.[4] As we explain more fully below, given that many habeas applicants proceed pro se, we conclude that a more flexible standard is appropriate so that we may fully weigh all of the competing interests at play in each particular case.[5] We decline to impose a rebuttable presumption of unreasonableness, which would provide little, if any, benefit beyond the consideration of a general rule against late-stage dismissals, and which could be improperly misconstrued as erecting an inflexible presumption against dismissals, even when good cause is shown under the particular facts of the case.

We briefly address applicant's arguments in opposition to this Court's adoption of a general rule against late-stage dismissals without prejudice. Applicant contends that, as the party bringing the habeas action, he is the master of his own complaint and may freely seek to dismiss that action. He cites Texas civil law in support of his position that a litigant has "inherent power" to dismiss his case.[6] With respect to this argument, we observe that this Court has held that habeas corpus is primarily a criminal proceeding and that the rules of civil procedure ordinarily do not apply. *Ex parte Smith*, 444 S.W.3d 661, 669 (Tex. Crim. App. 2014) (citing *Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004)). In any event, even were we to accept applicant's suggestion that civil principles might apply in this context, we note that even in civil law there are limitations upon a plaintiff's ability to dismiss his complaint without prejudice at a late stage of the proceedings. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("In Texas, plaintiffs may nonsuit at any time before introducing all of their evidence other

---

4. *See* BLACK'S LAW DICTIONARY 1376, 1378 (10th ed. 2014) (a presumption is "[s]omething that is thought to be true because it is highly probable"; "A legal inference or assumption that a fact exists because of the known or proven existence of some other fact or group of facts"; a rebuttable presumption is "[a]n inference drawn from certain facts that establish a prima facie case, which may be overcome by the introduction of contrary evidence").

5. *See Ex parte Perez*, 398 S.W.3d 206, 210, 216 (Tex. Crim. App. 2013) (in discussing the applicability of the doctrine of laches to habeas cases, declining to apply a rebuttable presumption of prejudice to the State after an applicant has waited a certain period of time to file his application, and explaining that a case-by-case assessment is more consistent with the principle that "the writ of habeas corpus is an extraordinary remedy, any grant of which must be underscored by elements of fairness and equity").

6. *See* TEX. R. CIV. P. 162 (providing that, at any time before plaintiff has introduced all his evidence other than rebuttal evidence, he may voluntarily dismiss his case); *Thomas v. Hill*, 3 Tex. 270, 273 (1848) ("The right of the plaintiff in general to take a nonsuit, where his application does not come too late, is unquestionable; but this, like every other right, must be exercised without prejudice to the opposite party.").

than rebuttal evidence.") (citing TEX. R. CIV. P. 162). Accordingly we are not persuaded by applicant's argument that civil principles compel us to freely permit late-stage dismissal without prejudice under these circumstances.

Applicant also argues that this Court lacks authority to create a procedural rule that would infringe upon his substantive rights as a habeas litigant.[7] But applicant does not identify any substantive right that is infringed upon by our adoption of this rule. In the absence of any authority to suggest otherwise, we conclude that we may adopt procedural rules such as the instant one that are consistent with the efficient exercise of our jurisdiction over habeas cases. *See* TEX. CONST. art. V, § 5(c); *State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991) (a court's broad range of inherent powers are those "which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, or in the preservation of its independence and integrity").

Taking all of the policy arguments into consideration, we conclude that requests for late-stage dismissals without prejudice, in general, are disfavored and will not be permitted. If, however, an applicant makes a showing of good cause for a late-stage dismissal without prejudice, then permitting the entire process to begin anew is appropriate.

## III. Good Cause May Be Shown by a Lack of Suitable Alternatives To Dismissal

Having determined that a movant must show good cause in order to succeed in his late-stage motion for dismissal without prejudice, we further examine the meaning of good cause in this context. As discussed more fully below, when this Court determines that a perceived deficiency in the existing application could be remedied by alternatives to dismissal such as (1) the presentation of additional evidence, (2) the filing of an amended or supplemental application raising new claims in the habeas court, or (3) a stay of the proceedings for a reasonable period of time, then the applicant cannot show good cause for his motion to dismiss without prejudice.

First, in some instances, a habeas applicant may be permitted to present additional evidence in support of his claims even after the application has been forwarded to this Court. *See* TEX. R. APP. P. 73.7; *Ex parte Whisenant*, 443 S.W.3d 930, 932-33 (Tex. Crim. App. 2014) (per curiam). Rule of Appellate Procedure 73.7 provides that, if an Article 11.07 application has been forwarded to this Court and a party wishes this Court to consider evidence not filed in the trial court, the party must file a motion to stay in this Court pending the filing of the evidence in the trial court. TEX. R. APP. P. 73.7(b).[8] In the motion, the party must describe the evidence he intends to file and explain its evidentiary value. *Id.* If the

---

7. In support of this argument, applicant cites Government Code Section 22.108(a), which provides that this Court "is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." TEX. GOV'T CODE § 22.108(a).

8. If the habeas application has not yet been forwarded, then the applicant may simply file

his additional evidence in the habeas court without first seeking a stay from this Court. *See* TEX. R. APP. P. 73.4(b)(2); *Ex parte Pena*, 484 S.W.3d 428, 431 (Tex. Crim. App. 2016) (per curiam) (explaining that, if an Article 11.07 application is pending in the trial court and has not been forwarded to this Court, "a party may file additional materials in the trial court without having to file a motion in this Court or the trial court").

motion is granted, this Court will specify a designated time frame for the party to file the evidence in the habeas court, and the party must present his evidence to the habeas court within that time frame. *Id.* The habeas court will then perform its fact-finding role and forward the supplemental evidence to this Court. TEX. R. APP. P. 73.4(b); *see also Whisenant*, 443 S.W.3d at 932-33 (observing that, after an application has been forwarded to this Court, "an applicant who wishes the convicting court and this Court to consider supplemental evidence should file these materials in the convicting court in the county of conviction" within specified time period).

If the application has been filed and set for submission by this Court, then a slightly different procedure applies. *See* TEX. R. APP. P. 73.7(a); *Ex parte Pena*, 484 S.W.3d 428, 431 (Tex. Crim. App. 2016) (per curiam) (describing procedures for submitting additional evidence after case has been filed and set for submission by this Court). In that situation, a party must follow the procedure described above, but in addition he must also explain in his motion for stay to this Court why the evidence could not have been filed with the trial court prior to the case being filed and set for submission. TEX. R. APP. P. 73.7(a)(2). Alternatively, if extraordinary circumstances exist for this Court to consider the evidence directly, then a party must file a motion in this Court seeking permission to file such evidence in this Court, rather than filing the evidence in the habeas court. *Id.* 73.7(a)(1). In addition to describing the evidence and explaining

its evidentiary value, the movant must also explain why "compelling and extraordinary circumstances exist for this Court to consider the evidence directly." *Id.* If this Court grants the motion, then we will consider the evidence in our review of the application. *Id.* Such a motion will be granted only if this Court determines that the circumstances are "truly exceptional." *Id.*; *see also Whisenant*, 443 S.W.3d at 933 (explaining that evidence will not be considered directly in this Court absent compelling and extraordinary circumstances). In sum, the presentation of additional evidence at a late stage of the proceedings may be an adequate alternative to a dismissal without prejudice.

Second, in some circumstances, a habeas applicant may be permitted to file an amended or supplemental application raising new claims in the habeas court.[9] *See Ex parte Saenz*, 491 S.W.3d 819, 824-25, 824 n.5 (Tex. Crim. App. 2016). In *Saenz*, this Court held that, "[i]n general, when an applicant files amended or supplemental pleadings raising additional claims before we have disposed of his pending application, we consider the merits of his claims, so long as the pleadings comply with the rules and procedures in Article 11.07 and Rule of Appellate Procedure 73.1, and so long as the claims are otherwise cognizable and ripe for review." *Id.* at 824. The issue in *Saenz* was whether the applicant was entitled to review of his ineffective-assistance claim that he raised by way of a supplemental pleading in the habeas court around one year after he had filed his initial application. *Id.* at 823. The habeas

---

9. We use the term "amended application" to mean a filing that entirely replaces the prior application. An applicant who files an amended application while his prior application remains pending should anticipate that only the amended application will be considered by the habeas court and this Court going forward. By contrast, a "supplemental application" is a pleading raising new claims that are intended to be considered in addition to the claims already presented in the prior application. In either case, an applicant must use the official Article 11.07 form and follow the required procedures in order to have his amended or supplemental application considered. *See* TEX. R. APP. P. 73.1.

court determined that Saenz's supplemental claim was not properly before it, but we disagreed. *Id.* at 824. We explained that, although Section 4 of Article 11.07 prohibits the filing of successive applications, that provision plainly applies only to pleadings filed after a "final disposition" of the initial application, which has not yet occurred so long as the initial application remains pending. *Id.* at 824-25. We also reasoned that, although Article 11.07 was intended to limit habeas applicants to a single bite at the habeas apple, the Legislature clearly intended for that bite to be a full one in which all of an applicant's claims would be considered and decided. *Id.* at 824. Accordingly, we concluded that Article 11.07 "permits this Court's consideration of amended or supplemental claims filed by an applicant before final disposition of an application," and we considered the merits of Saenz's supplemental claim. *Id.* at 825.

There are at least two limitations to the approach in *Saenz.* First, we noted in *Saenz* that an applicant's delay in taking action to ameliorate defective pleadings could, at least in theory, result in a supplemental filing being disallowed under the doctrine of laches. *See id.* at 825-26 (citing *Perez,* 398 S.W.3d at 215).[10] Second, after we have filed and set a case for determination of its merits, this Court ordinarily would not permit claims to be supplemented or amended. But, aside from these narrow exceptions, *Saenz* makes clear that, in most situations, an applicant may file an amended or supplemental application raising new claims during the time that his initial application remains pending. Supplementing or amending an existing application may be an adequate alternative to a late-stage dismissal without prejudice.

Third, in the event that an applicant needs additional time to investigate the availability of claims or evidence that might serve as the basis for an amended or supplemental application, an applicant may seek a stay of his pending habeas application for a reasonable period of time. A motion for a stay of the proceedings may be filed directly with this Court if the application has already been forwarded or in the trial court if the application has not yet been forwarded. An applicant seeking a stay in order to conduct additional investigation into potential claims or evidence ideally should explain his reasons for believing that such potential claims or evidence exist, the reason that this investigation was not done before the application was filed, and the amount of time that he believes will be necessary to conduct his investigation. A motion to stay the proceedings may be an adequate alternative to a dismissal without prejudice.

Ideally, a motion for a late-stage dismissal without prejudice would explain why the three alternatives listed above are inadequate to remedy the alleged problem in the case. Aside from these general guidelines, at this juncture, we decline to provide a more precise definition of what will constitute good cause in this context. Ultimately, an assessment of good cause to justify an applicant's request for a late-stage dismissal must be made on a case-by-case basis in view of the totality of the circumstances. An applicant seeking to establish good cause to justify his request for late-stage dismissal without prejudice, therefore, should present this Court with any facts or circumstances that may give

10. In *Ex parte Perez,* this Court found that unreasonable delays in filing an initial habeas application may subject an applicant's claims to the doctrine of laches. Moreover, in *Perez,* this Court expanded the application of laches by determining that "anything that places the State in a less favorable position" is relevant to the prejudice inquiry. *Ex parte Perez,* 398 S.W.3d 206, 215 (Tex. Crim. App. 2013).

rise to a finding that he is entitled to that type of relief.

## IV. Conclusion

In light of the possible alternatives to dismissal available to habeas applicants to cure defects in the pleadings or proof in an Article 11.07 habeas proceeding, and in considering the interests of preserving the finality of convictions and conservation of judicial resources, we determine that late-stage dismissals without prejudice are generally disfavored. Therefore, habeas applicants seeking to dismiss an application after the habeas court has factually developed the record and made findings of fact and conclusions of law should provide an explanation of good cause regarding why an alternative course of action, such as moving for new evidence to be considered, amending or supplementing their claims, or moving for a stay of the proceedings, would be inadequate to cure the defect in the pleadings or proof.

Here, applicant has failed to plead any statement of good cause in support of his motion to dismiss, and thus we deny his instant motion. We, however, will permit him thirty days to refile his motion to dismiss to conform with the rule set forth in this opinion. We will stay any resolution on the ultimate merits of his habeas application for thirty days.