

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,073-01

### EX PARTE MARTIN PENA, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1379020-A IN THE 184TH DISTRICT COURT
## FROM HARRIS COUNTY

YEARY, J., filed a dissenting opinion.

## DISSENTING OPINION

The closest analog to the facts of this case that may be found in our case law is *Ex parte Barnaby*, 475 S.W.3d 316 (Tex. Crim. App. 2015). There, a forensic technician in the employ of the State was shown to have issued a false lab report with respect to the content of the contraband seized from Barnaby. The only remaining question in the false-evidence due process analysis was whether that false lab report was "material" in the due process sense. Because Barnaby had pled guilty, we had to decide the standard for materiality in the context of a guilty plea. We determined that "the materiality of false evidence is measured by what impact that false evidence had on the defendant's decision to plead guilty." *Id*. at 327. The applicant must establish that, had he known of the false lab report at the time he

entered his guilty plea, he would not have accepted the plea arrangement but would have insisted on going to trial instead. *Id*. at 325. We evaluate any assertion the applicant makes to that effect by asking "whether the value of the undisclosed information . . . was outweighed by the benefit of accepting the plea offer." *Id*. at 326.

Here, there is likewise no question that—at least in some sense—Applicant's guilty plea was predicated upon a falsehood perpetrated by a state actor.[1] And he has claimed that, but for that falsehood, he would have insisted on going to trial. The question that remains is whether we find that assertion persuasive under the circumstances. *Id*.

The plea bargain that Applicant accepted was for the most lenient sentence of incarceration available for possession of the amount of cocaine he was charged with possessing, plus a fine of a thousand dollars. It seems unlikely to me that knowledge of Carrion's illegal conduct would have caused Applicant to balk at the fine. Nor would Carrion's misconduct have rendered the evidence insufficient for a jury to convict him of possession of the charged amount, as the plurality explains. Plurality Opinion at 7-8. Perhaps Applicant would have insisted on going to trial because that would be the only way to challenge this Court's holding in *Seals v. State*. *See* 187 S.W.3d 417, 420 (Tex. Crim. App.

---

[1] Had Carrion not swapped out the original cocaine for cocaine-laced sheetrock material, I presume that what would have ultimately been placed in Applicant's car would have been the purer cocaine that Carrion stole. Given this Court's broad construction of "adulterants and dilutants" in *Seals v. State*, 187 S.W.3d 417 (Tex. Crim. App. 2005), and *Jones v. State*, 235 S.W.3d 783 (Tex. Crim. App. 2007), however, it is not immediately clear how Carrion's swap casts Applicant's case in a less incriminating light. In any event, I agree with the plurality today that Applicant was convicted of the cocaine he actually possessed, not the cocaine he might have possessed but for Carrion's shenanigans. Plurality Opinion at 7.

2005) ("[A]ny substance that is added to or mixed with a controlled substance, regardless of when, how, or why that substance was added, may be added to the aggregate weight of the controlled substance as an adulterant or dilutant."). But he makes no such assertion in his application or his brief.

Instead, Applicant claims he would have insisted on going to trial because Carrion's misconduct rendered the contraband inadmissible. But the plurality today correctly rejects Applicant's premise that Carrion's misconduct would call for suppression of the cocaine. Plurality Opinion at 8-11. Applicant offers no other compelling reason why we should credit his assertion that he would have insisted on going to trial.

Even so, is it nevertheless reasonable to suppose that Applicant may still have insisted on it? Presumably, Applicant would be able to introduce evidence of Carrion's misconduct were he to proceed to trial on the charges against him. And perhaps evidence of Carrion's manifest corruption would cause a jury to doubt the veracity of almost any testimony Carrion might offer, or even to question the legitimacy of any arrest in which he might have been involved. Such a jury might potentially be persuaded that, or at least harbor a reasonable doubt whether, Applicant was aware of the actual contents of the ice chest that was placed in his car. In such event, it might acquit him of *knowingly* possessing a Penalty Group 1 substance. Is this scenario sufficiently likely that it would cause us to accept his assertion that, had he known of Carrion's misconduct at the time of the plea, he would have insisted on taking his chances in a full-blown trial?

The circumstances, as developed in Applicant's oral statement to three police officers (none of whom was Carrion) following his arrest, and as described in the plurality's opinion,[2] do not tend to support a plausible defensive theory that Applicant was unaware that he was being paid to facilitate the transport of *some* type of contraband. At best, the circumstances suggest a sort of willful ignorance on Applicant's part, which a jury would not likely view sympathetically.[3] But the offense report also indicates that Applicant did not consent to have the police record his oral statement,[4] so it is doubtful it could be admitted over an objection at trial under Article 38.22. TEX. CODE CRIM. PROC. art. 38.22, § 3.[5] Given this circumstance, it is not beyond the bounds of reason to believe that Applicant might have insisted on proceeding to trial to try to obtain an acquittal. But Applicant does not claim this either.

Still, Applicant has alleged at least bare facts which, if true, might entitle him to relief,

---

[2] Plurality Opinion at 2-3. These circumstances are gleaned from the Houston Police Department's (HPD) offense report, which we permitted the State to add to the record as a supplement after this cause was filed and set. *See Ex parte Pena*, 484 S.W.3d 428 (Tex. Crim. App. 2016).

[3] According to his oral statement, Applicant agreed to do a "favor" for "Manny." For $500, Applicant allowed another man to take his car for approximately 20 minutes. When his car was returned, there was a mysterious ice chest in the back seat that had not been there before. Manny told Applicant to take his car to a mall parking lot, leave the keys, and walk away.

[4] In relevant part, the offense report reads: "AT 0903 HRS SUSPECT PENA WAS READ HIS MIRANDA WARNING BY OFFICER VALLES IN SPANISH. SUSPECT PENA STATED HE UNDERSTOOD HIS RIGHTS. PENA WAS ASKED IF HE WAS WILLING TO TALK WITH US AND HE STATED HE WOULD. PENA WAS ASKED IF THE OFFICERS COULD RECORD THE INTERVIEW AND HE ASKED THAT IT NOT BE RECORDED."

[5] An unrecorded oral statement may nevertheless be admissible if it is later found to be true and "conduce[s] to establish the guilt of the accused[.]" TEX. CODE CRIM. PROC. art. 38.22, § 3(c). But nothing in the record suggests this condition might have been met.

consistent with *Barnaby*, if they can be proven—that, had he been aware of Carrion's misconduct, he would not have pled guilty. The convicting court recommends that we find that Applicant would not have pled guilty, but it does not set out the circumstances that led it to draw that conclusion.[6] In my view, we should neither grant nor deny relief without remanding the case for a more particularized assessment by the convicting court of the credibility of Applicant's assertion that he would have opted for a trial. Moreover, practically all we presently have before us to illuminate the materiality question is the HPD offense report. I would also give the convicting court the option of affording an opportunity for the parties to present additional evidence at an evidentiary hearing. And finally, I would give the parties an opportunity to brief the issues again in the wake of any further factual development and additional findings and conclusions from the convicting court.

Because the Court does not do so, I respectfully dissent.

FILED:             November 15, 2017
DO NOT PUBLISH

---

[6] The convicting court signed proposed findings of fact and conclusions of law that were prepared by Applicant. However, the trial court made some hand-written changes to Applicant's proposed findings before signing them. Most notably, the convicting court struck Applicant's proposed finding that Carrion's misconduct would have rendered the cocaine seized from Applicant's car inadmissible as having been obtained illegally for purposes of Article 38.23, our statutory exclusionary rule. TEX. CODE CRIM. PROC. art. 38.23. Thus, like us, the convicting court apparently rejected the idea that Applicant would not have pled guilty because the contraband could have been suppressed. But the convicting court's proposed findings and conclusions offer no alternative basis for us to credit Applicant's assertion that he would have insisted on going to trial.