

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,779-01

### EX PARTE ARNOLDO MEDINA, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W 366-83961-2017-HC IN THE 366TH DISTRICT COURT FROM COLLIN COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to aggravated assault. After hearing evidence on punishment, the trial court sentenced him to eight years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Medina v. State*, No. 05-19-01116-CR (Tex. App.—Dallas Jan. 26, 2021) (not designated for publication). Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded the application to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Prior to the application for writ of habeas corpus being forwarded to this Court, Applicant filed "Applicant's Notice of Withdrawal of Writ of Habeas Corpus."

This Court has held that requests for late-stage dismissals of habeas applications without prejudice, in general, are disfavored and will not be permitted. If, however, an applicant makes a

showing of good cause for a late-stage dismissal without prejudice, then permitting the entire process to begin anew is appropriate. When this Court determines that a perceived deficiency in an existing habeas application could be remedied by alternatives to a late-stage dismissal such as (1) the presentation of additional evidence, (2) the filing of an amended or supplemental application raising new claims in the habeas court, or (3) a stay of the proceedings for a reasonable period of time, then the applicant cannot show good cause for his motion to dismiss without prejudice. *Ex parte Speckman*, 537 S.W.3d 49 (Tex. Crim. App. 2017).

The trial court shall make findings as to whether it believes this motion to withdraw constitutes a request for late-stage dismissal under *Speckman* and make a recommendation whether or not it believes the Court should dismiss the habeas application pursuant to Applicant's request.

The trial court shall make findings of fact and conclusions of law within sixty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 8, 2022
Do not publish