YEARY, J., filed a concurring opinion.
I agree with the Court's decision to dismiss the motion of the Office of Capital and Forensic Writs (OCFW) to extend the time to file Applicant's original post-conviction application for writ of habeas corpus, purportedly brought under the auspices of Section 4A of Article 11.071 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 11.071, § 4A. This provision permits this Court to excuse the untimely filing of (or the failure to file) a capital post-conviction writ application on a showing of good cause, and it also permits (though it does not require) the Court to impose a new filing deadline. However, as I read Section 4A, our authority to excuse an untimely filing is only activated once the Applicant has let the statutorily prescribed deadline for filing the writ application expire without actually filing any writ application. That is not what happened in this case.
All that happened in this case is that OCFW filed a motion for extension of time in anticipation of not being able to file what it deemed an adequate writ application before the statutorily prescribed deadline passed. But there has been no failure to file a writ application in this case. In fact, OCFW eventually filed a timely application.
By filing the motion for extension before the deadline for filing Applicant's original writ application, OCFW would have had us effectively construe Section 4A to authorize a motion-for-extension-of-time-to-file-the-writ-application practice, rather than what it was plainly meant to be-an after-the-fact failsafe to protect applicants from attorneys who simply fail to file timely writ applications. I do not believe that Section 4A can fairly be construed to authorize a motion-for-extension-of-time-for-filing practice. Indeed, there is already a provision in another part of the statute that governs time extensions for filing a capital post-conviction application for writ of habeas corpus. Section 4(b) of Article 11.071 authorizes the convicting court to "grant one 90-day extension" of time for filing the writ application, and Section (c) deems any writ application that is filed after the expiration of that extension "untimely." TEX. CODE CRIM. PROC. art. 11.071, §§ 4(b) & (c). There is no provision anywhere in Article 11.071 that authorizes this Court to grant yet another extension of time in anticipation of an applicant's failure to file a writ within the only period of extension contemplated by the statute.
As I read the statute, if capital habeas counsel believes that there exists good cause to excuse the failure to timely file a writ application, he may allow the deadline for filing to pass. Counsel can then only hope-at the risk of waiving all grounds for relief that were available to the applicant before the last day on which an application could be timely filed-that this Court will agree with his assessment that there is good cause for the failure to timely file, permit him to continue to represent the applicant, and establish a new filing date for the application, not more than 180 days later. See TEX. CODE CRIM. PROC. art. 11.071, § 4(e) (providing that the failure to file a timely application waives all then-available grounds for habeas corpus relief); id. § 4A(a) & (b)(2) (providing that, upon a showing of cause, this Court may permit originally-appointed counsel to continue the representation, with a new due date not to exceed 180 days from the date *817 counsel is permitted to continue the representation).
This is not to say that an applicant under these circumstances is without all recourse. An applicant whose investigation is-through no fault of his own-incomplete may yet be able to later file a subsequent writ application. If his reasonably diligent investigation fails to uncover the factual basis for a claim in time to present it in an initial writ application, he may be able to satisfy the exception to the ban on subsequent writ applications that Article 11.071, Section 5(a)(1), provides. See TEX. CODE CRIM. PROC. art. 11.071, § 5(a)(1) (authorizing the courts to consider the merits of a claim raised in a subsequent writ application if "the factual ... basis for the claim was unavailable on the date the applicant filed" his original application); id. § 5(e) (a factual basis is unavailable if it "was not ascertainable through the exercise of reasonable diligence" in time to include it in a prior writ application). If an investigation has revealed some factual basis for a claim, but counsel believes that further investigation will significantly strengthen the claim, he may even include the claim in his initial writ application with an assurance that he will supplement it later with additional facts as they become available (as opposed to later raising additional claims, which would render his post-deadline filings "subsequent"). See TEX. R. APP. P. 73.7 (providing a procedure to supplement an 11.071 writ application with additional evidence even after it has been forwarded to this Court); c.f. Ex parte Pena , 484 S.W.3d 428, 431 (Tex. Crim. App. 2016) (observing that, "if an Article 11.07 application is pending in the trial court and has not been forwarded to this Court, a party may file additional materials in the trial court without having to file a motion in this Court or the trial court"). What he may not do under the terms of the statutory scheme is file a motion in this Court for an extension of the statutorily-imposed deadline to file his initial post-conviction application for writ of habeas corpus and expect this Court to rule on it by either granting it or denying it. The only appropriate action the Court can take is to simply dismiss it.
By filing a timely writ application after all, OCFW has mooted Applicant's motion for extension of time. Because I do not believe we should entertain such a motion in any event under the guise of Section 4A, I agree with the Court's order dismissing OCFW's motion.