

# In the Court of Criminal Appeals of Texas

---

No. WR-91,718-01

---

EX PARTE HECTOR ACOSTA, *Applicant*

---

On "Unopposed Motion for New Filing Date
Under Article 11.071, Section 4a, due to
Applicant's Inability to Competently File Initial Application"
Tarrant County

---

YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.

The Court grants Applicant's motion for a new filing date to be established in this case. Consistent with the plain text of Article 11.071, Section 4A, I would not do that; at least I would not do so until after the expiration of the time currently allotted for the filing of his writ application. *See* TEX. CODE CRIM. PROC. Art. 11.071, § 4A(a) ("On

command of the court of criminal appeals, a counsel who files an untimely application or fails to file an application before the filing date applicable under Section 4(a) or (b) shall show cause as to why the application was untimely filed or not filed before the filing date."); *see also* TEX. CODE CRIM. PROC. Art. 11.071, § 4A(b)(2) (authorizing the Court, "[a]t the conclusion of the counsel's presentation to the court of criminal appeals," to "permit the counsel to continue representation of the applicant and establish a new filing date for the application").

For reasons stated in my dissenting opinion in *Ex parte Delacerda*, No. WR-88,283-01, ___ S.W.3d ___, 2020 WL 3618440, at *1 (Tex. Crim. App. June 29, 2020) ("Section 4A of Article 11.071 does not authorize this Court to grant the extension Applicant seeks."), and in my concurring opinions in *Ex parte Colone*, 575 S.W.3d 815 (Tex. Crim. App. 2019), and *Ex parte Brownlow*, 575 S.W.3d 814 (Tex. Crim. App. 2019), I respectfully dissent.

**FILED:** November 29, 2022
**DO NOT PUBLISH**