# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2022

Lyle W. Cayce
Clerk

No. 19-20664

Jerome Fisher Pleasant,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2133

Before Willett, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

Jerome Pleasant, Texas prisoner # 2035248, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his convictions for attempted capital murder and for aggravated assault on a public servant. Although the district court concluded that Pleasant's latest ineffective assistance of counsel claim

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20664

was unexhausted, it nevertheless denied his petition on the merits, deferring to the Texas trial court's assessment of Pleasant's habeas claims. Pleasant subsequently obtained a certificate of appealability (COA) and, on appeal, re-urges his contention that he received ineffective assistance of counsel and asserts that he exhausted his state remedies. We affirm in part, vacate in part, and remand for further proceedings.

**I.**

On May 16, 2012, while on parole for two unrelated criminal offenses, Pleasant shot both his fiancée, Sheera Stevenson, and Stevenson's 13-year-old daughter in the head after becoming infuriated that Stevenson's daughter did not wash the dishes. Miraculously, neither Stevenson nor her daughter died from their injuries, and they were able to flag down a neighbor for help. After being shot, the next thing that Stevenson and her daughter remembered was an ambulance carrying them away to receive medical treatment.

At some point that day, an unidentified individual called the Houston police department to report the shooting. Officer Sean Jordan was on patrol at the time the call was received and was one of many officers who responded. While driving to the crime scene, Jordan noticed a man who matched the description of the shooter walking on a sidewalk. The man was Pleasant. Jordan slowed his vehicle to a stop upon approaching Pleasant. At that point, Pleasant suddenly turned around and aimed a gun at Jordan. Jordan quickly ducked out of his stopped vehicle and gave chase to Pleasant as he fled the scene, all the while radioing other officers in the area to request back up.

Officer Phillip Marquez responded to Jordan's request and was able to cut off Pleasant's path with his police vehicle. With nowhere to run, Pleasant pointed his gun at Marquez, which prompted Jordan to shoot Pleasant. Pleasant immediately fell to the ground and dropped his weapon. Jordan and Marquez called for an ambulance and subdued Pleasant. Pleasant

survived but was paralyzed from the waist down and has remained so since the incident.

The next day, the State of Texas charged Pleasant with aggravated assault on a public servant, and attempted capital murder. The state trial court appointed Connie Williams to represent Pleasant in July 2012. Pleasant unsuccessfully attempted to have Williams removed from his case numerous times over the next three years, alleging that Williams had a conflict of interest, was discriminatory towards Pleasant, and rendered ineffective assistance of counsel. Pleasant also sought to recuse the trial judge via interlocutory appeal, but that appeal was dismissed for lack of jurisdiction.

Pleasant's trial occurred in November 2015; a Harris County jury found Pleasant guilty of both charged crimes. The jury also concluded that Pleasant was a habitual offender, and based on that finding, the trial court sentenced him to life in prison for attempted capital murder and 75 years in prison for aggravated assault of a public servant.

Pleasant appealed. After his appellate counsel (not Williams) filed an *Anders* brief,[1] arguing that there was no nonfrivolous issue for appeal, the Texas Court of Appeals agreed and affirmed his convictions. Pleasant did not petition for discretionary review in the Texas Court of Criminal Appeals (the CCA).

In January 2017, Pleasant filed two state habeas applications, one for each of his 2015 convictions. In both applications, Pleasant alleged, *inter alia*,

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

that Williams was ineffective as his trial counsel because Williams did not sufficiently communicate with him.[2]

A brief aside relevant to our subsequent analysis: Under Texas's habeas procedures, a prisoner may file an application for writ of habeas corpus in "the court in which the conviction being challenged was obtained." Tex. Code Crim. Proc. Ann. art. 11.07, § 3(b). The state trial court then determines "whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement." *Id.* § 3(c). If there are none, the application is "immediately transmit[ted]" to the CCA along with other records relevant to the application. *Id.* If there are, the trial court "enter[s] an order . . . designating the issues of fact to be resolved" and may order affidavits, interrogatory responses, and hearings. *Id.* § 3(d).

"After the convicting court makes findings of fact," *id.*, those "findings and conclusions regarding the applicant's confinement" and the trial court's recommendation are transmitted to the CCA, *In re G.S.*, No. 21-0127, 2022 WL 1194361, at *3 n.3 (Tex. Apr. 22, 2022). The CCA then evaluates the record and the trial court's recommendation and either "remand[s] the applicant to custody or order[s] his release." Tex. Code Crim. Proc. Ann. art. 11.07, § 5. If the CCA determines that there remain "unresolved facts material to the legality of the applicant's confinement," then the CCA remands the application to the state trial court for further findings. *Id.* § 3(c).

In Pleasant's case, the state trial court entered an order on February 7, 2017, designating certain issues to be resolved; pertinent here, on March

---

[2] Pleasant also alleged that the trial court and Williams erred in a variety of other ways. However, we do not detail Pleasant's other claims because he only raises Williams's performance as Pleasant's counsel in this appeal. *See also infra* n.5.

2, 2017, the court ordered Williams to file an affidavit responding to Pleasant's habeas applications. The trial court eventually transmitted Pleasant's habeas applications to the CCA in October 2017, before it received any affidavit from Williams. In January 2018, the CCA remanded the case because the CCA determined that the trial court had not yet "resolved the designated issues."

Williams finally complied with the state trial court's order and filed an affidavit on March 20, 2018. Williams's affidavit stated that he

> had numerous conversations with [Pleasant's] mother, brother, and other friends about Mr. Pleasant and the facts of the case . . . [,] spoke with Mr. Pleasant on at least 10 occasions, . . . [and] spent considerable time in an attempt to plea bargain Mr. Pleasant's case and at one time, was offered 18 years in a case in which the minimum was 25 years which was adamantly refused by Mr. Pleasant.[3]

The trial court issued proposed findings of fact and conclusions of law in an order entered March 29, 2018. The trial court specifically "f[ound] the affidavit of Connie Williams [to be] credible," and transmitted the case back to the CCA with the recommendation that Pleasant's habeas applications be denied.

In the CCA, Pleasant filed a response to the trial court's proposed findings in which he disputed Williams's statement that Williams presented Pleasant with an 18-year plea offer. Pleasant contended that if he had known about the plea offer, he would have accepted it. Pleasant also attached affidavits from his mother, his brother, and himself, all averring that Pleasant was never presented with the plea offer and that he would have accepted the

---

[3] It is unclear from the record whether the 18-year plea bargain was offered for the attempted murder charge, the aggravated assault charge, or for both of them.

offer had it been shared with him. In May 2018, the CCA denied both of Pleasant's habeas applications on their merits in two one-sentence orders stating, "denied without written order on findings of trial court without hearing."

On June 22, 2018, Pleasant filed the present federal habeas corpus petition, *see* 28 U.S.C. § 2254,[4] alleging ineffective assistance of counsel based on various deficiencies in Williams's performance. In particular, Pleasant grounded one of his claims (the only one at issue on appeal) on Williams's purported failure to tell him about the State's 18-year plea offer.[5] In response, the State moved for summary judgment, arguing that this claim was unexhausted and procedurally defaulted. Alternatively, the State contended that the claim failed on the merits because Williams's affidavit established that he conveyed the plea offer to Pleasant.

The district court held that Pleasant's ineffective assistance claim based on the plea offer was unexhausted because it was not properly raised before the CCA.[6] The district court nonetheless proceeded to the merits, reasoning that "[n]otwithstanding Pleasant's failure to exhaust the remedies available in the courts of the State," § 2254(b)(2) permitted the court to deny a habeas application "on the merits, notwithstanding the failure of the

---

[4] Section 2254 in its current form was enacted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).

[5] The district court dismissed all of Pleasant's claims, but Pleasant's only claim on appeal is for ineffective assistance based on Williams's alleged failure to inform Pleasant of the State's 18-year plea offer. In the COA granted by a member of this court, the judge found that Pleasant failed adequately to brief, and thus abandoned, any other argument in the district court. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Hereafter in this opinion, references to Pleasant's "ineffective assistance of counsel" claim refer to the claim predicated on the plea offer.

[6] The district court did not address whether Pleasant's claim was otherwise procedurally defaulted.

applicant to exhaust . . . remedies." *Id.* § 2254(b)(2).  Doing so, the district court afforded deference to the Texas trial court's prior "determination that trial counsel rendered effective assistance," given that court's finding that Williams's affidavit was credible.

Because it found that the state trial court "properly identified *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] as the governing legal principle" in deciding Pleasant's ineffective assistance claims, the district court evaluated the claim at issue as though it had first been adjudicated on the merits in state court. *See* 28 U.S.C. § 2254(d)(1).  To obtain relief under § 2254(d)(1), Pleasant was required to demonstrate that the state court's application of *Strickland* was objectively unreasonable.  *See Bell v. Cone*, 535 U.S. 685, 694–95 (2002).  The district court concluded that Pleasant failed to do so because "[n]othing in the record supports Pleasant's bare assertion that Williams did not inform him of the plea offer," and Pleasant failed to establish prejudice.  The district court thus denied both Pleasant's habeas petition and his request for a COA.

Pleasant petitioned this court for a COA, and a member of this court granted the petition.  Citing *Gonzales v. Thaler*, 643 F.3d 425 (5th Cir. 2011), our colleague concluded that the district court "erred in applying the deferential standard of review" provided by the AEDPA because, as this court noted in *Gonzales*, if the claim is unexhausted and "is not procedurally barred, no deference is owed to the state-court judgment."  643 F. 3d at 429; *see also Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir. 2003) ("With respect to claims that were not adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply.").  The order granting a COA instructed the parties to address the ineffective assistance of counsel claim and the State's argument that Pleasant's claim is procedurally barred.

## II.

Our review of state court findings of fact in habeas proceedings is limited; indeed, we presume that a state court's factual determinations are correct "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in [state] custody." 28 U.S.C. § 2254(e)(1); *see Austin v. Davis*, 876 F.3d 757, 778 (5th Cir. 2017); *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). A habeas petitioner bears the burden "of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

"Our review of a state court's conclusions of law is also deferential." *Garcia*, 454 F.3d at 445.

> [W]hen a claim has been adjudicated on the merits in state court, habeas relief may not be granted unless the state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts."

*Gonzales*, 643 F.3d at 429 (quoting 28 U.S.C. § 2254(d)). "But if the state courts fail to adjudicate the petitioner's claim on the merits and the claim is not procedurally barred, no deference is owed to the state-court judgment and the federal courts must instead conduct a plenary review." *Id.* (citation omitted). In such a case, we review questions of law and mixed questions of law and fact de novo. *Austin*, 876 F.3d at 779; *see Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001) ("In a habeas corpus appeal, we review the district court's . . . conclusions of law de novo, applying the same standard of review to the state court's decision as the district court.") (quoting *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998)).

## III.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the

State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)) (internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Id.* (citing *Duncan*, 513 U.S. at 365–66); *accord Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005). For habeas applications in Texas, the "appropriate state court" is, ultimately, the CCA. *See* Tex. Code Crim. Proc. Ann. art. 4.04, § 2; *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (detailing the proper Texas procedure for the state courts to evaluate a habeas corpus application).

A Texas habeas applicant may present new evidence to support his application after it has been transmitted by the state trial court to the CCA, but "the party *must* file in the [CCA] a motion to stay the proceedings pending the filing of the [new] evidence in the trial court." Tex. R. App. P. 73.7(b) (emphasis added); *see also Ex parte Speckman*, 537 S.W.3d 49, 54–55 (Tex. Crim. App. 2017) (discussing Texas Rule 73.7).

We agree with the district court that Pleasant's ineffective assistance claim based on the plea offer is unexhausted. Williams filed his affidavit in the state trial court on March 20, 2018, raising for the first time that Pleasant had been informed of and had "adamantly refused" the State's 18-month plea offer, in response to Pleasant's *other* ineffective assistance claims. On March 29, 2018, the trial court entered its findings and recommendation as to those claims and then rerouted Pleasant's habeas application to the CCA. It was not until this point that Pleasant first attempted to offer the affidavits from his mother, his brother, and himself—in the CCA—to rebut Williams's averments surrounding the plea offer. And this juncture was also

when he first raised an ineffective assistance claim—again in the CCA—based on his assertions that Williams had not disclosed the plea offer.

To offer his new evidence properly, Pleasant was required by Texas Rule 73.7(b) to seek a stay in the CCA and then file the three affidavits in the trial court for that court first to consider them. There is no evidence that Pleasant complied with this requirement. In other words, Pleasant did not "fairly present his claim in *each* appropriate state court," i.e., in the state trial court, and then in the CCA, before filing his federal habeas petition. *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted) (emphasis added). Pleasant's ineffective assistance claim based on the plea offer is thus unexhausted.

The rub is that, even though the district court correctly concluded that Pleasant's claim was unexhausted, the district court nonetheless proceeded to treat the claim as though it had been adjudicated by the state courts. In other words, the district court expressly afforded AEDPA's deferential standards of review to the state trial court's conclusion that Williams's assistance was effective, which in turn was based on Williams's affidavit. *See* 28 U.S.C. § 2254(d)(1), (e)(1).

But that deference was not due in this case. Once the district court concluded that the claim was unexhausted, the court should have conducted a "plenary review," not a deferential one. *Gonzales*, 643 F.3d at 429; *Henderson*, 333 F.3d at 598. As it happened, the district court appears to have mixed apples with oranges because the state trial court's finding that Williams's assistance was not ineffective pertained to Pleasant's *other* claims for ineffective assistance—not this one, which was first raised, albeit improperly, in response to Williams's affidavit testimony that he discussed the State's plea offer with Pleasant, and Pleasant rejected it. Neither the state trial court nor the CCA had evaluated Pleasant's latest claim, and neither

court had made any finding regarding the credibility of Williams's testimony, as disputed by Pleasant, specific to the plea agreement. So, as to this particular claim, there were no state court findings of fact or conclusions of law to which the district court could defer, and it was error for the district court to apply the state courts' findings regarding Pleasant's other claims to deny this latest one.

"[W]e are a court of review, not first view." *United States v. Houston*, 792 F.3d 663, 669 (5th Cir. 2015). Accordingly, we remand Pleasant's claim for further proceedings consistent with the standards provided by the AEDPA and our precedent governing unexhausted state habeas claims.[7]

## IV.

We AFFIRM the district court's holding that Pleasant's ineffective assistance of counsel claim based on an allegedly undisclosed plea offer is unexhausted. However, because the district court then improperly applied the AEDPA's deferential standards of review in deciding the merits of the claim, we VACATE the district court's dismissal of Pleasant's claim and REMAND for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED IN PART; REMANDED.

---

[7] We note that the district court should also determine whether Pleasant's claim is otherwise procedurally defaulted before reaching the merits. *See Gonzales*, 643 F.3d at 429; *Kittelson*, 426 F.3d at 315.