**Opinion issued August 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-23-00565-CR**
_____

**EX PARTE KIMBERLY WILLIAMS, Appellant**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1758098-B**

---

**MEMORANDUM OPINION**

Appellant, Kimberly Williams, challenges the trial court's order denying her second application for writ of habeas corpus.[1]  In fourteen issues, appellant contends that the trial court erred denying her habeas relief.

We dismiss in part and affirm in part.

---

[1]    *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9.

**Background**

After appellant, with an agreed punishment recommendation from the State, pleaded guilty to the misdemeanor offense of assault of a family member,[2] the trial court deferred adjudication of her guilt and placed her on community supervision for two years.

Subsequently, on November 2, 2022, appellant filed her first application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072.[3] On November 22, 2022, appellant amended her first application for writ of habeas corpus.[4] In her amended first application, appellant argued that she was entitled to habeas relief because her retained trial counsel provided her with ineffective assistance of counsel. Appellant also asserted that she had entered her guilty plea involuntarily because she was coerced.

After the State responded, the trial court, on February 20, 2023, denied appellant's requested habeas relief and issued findings of fact and conclusions of law. Appellant did not file a notice of appeal.

---

[2]    *See* TEX. PENAL CODE ANN. § 22.01(a), (b); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.013; TEX. FAM. CODE ANN. §§ 71.003–.004.

[3]    *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.

[4]    An "amended application" "entirely replaces the prior [habeas] application." *See Ex parte Speckman*, 537 S.W.3d 49, 55 n.9 (Tex. Crim. App. 2017) ("An applicant who files an amended application while his prior application remains pending should anticipate that only the amended application will be considered by the habeas court . . . .").

On March 16, 2023, appellant filed her second application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072.[5] On March 31, 2023, appellant amended her second application for writ of habeas corpus.[6] In her amended second application, appellant requested habeas relief, although it is unclear from the application the grounds on which appellant's request was based.

In response to appellant's amended second application for writ of habeas corpus, the State argued that appellant was not entitled to habeas relief because appellant had filed her amended second application after the final disposition of her first application, in which she challenged the same conviction. And appellant, in her amended second application, failed "to include sufficient specific facts establishing that [her] . . . claims could not have been presented previously [in her amended first application] because the factual or legal basis for the claims was unavailable when [she] filed her [amended first] . . . application."

The trial court denied appellant's requested habeas relief and issued the following findings of fact and conclusions of law:

**Findings of Fact**

1.      [Appellant] is presently serving a two-year deferred adjudication community supervision after entering a plea of guilty to the misdemeanor offense of assault – family member in [trial court] ca[u]se number 1758098 (the primary case).

---

5       *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9.

6       *See Ex parte Speckman*, 537 S.W.3d at 55 n.9.

2. [Appellant's] community supervision expires on June 2, 2024.

3. On November 2, 2022, [appellant] filed a pro se application for writ of habeas corpus[] in [trial court] ca[u]se number 1758098-A.

4. This [c]ourt denied [appellant's] first application for writ of habeas corpus[] in [trial court] cause number 1758098-A on February 20, 2023.

5. [Appellant] filed [her] application, which is [appellant's] second application for writ of habeas corpus[] on March 16, 2023.

6. The Harris County District Attorney's Office was served with the [second] application for writ of habeas corpus on March 16, 2023.

7. On March 20, 2023, the State filed [its] [o]riginal [a]nswer and [its] [p]roposed [f]indings of [f]act and [c]onclusions of [l]aw.

8. On March 31, 2023, [appellant] filed an amended [second] application for writ of habeas corpus.

9. This [c]ourt's deadline to enter an order granting or denying the requested habeas relief is May 19, 2023. . . .

### [Appellant's] Claims

10. [Appellant] claims she received ineffective assistance of counsel. Specifically, [she] alleges her trial counsel:

    a. failed to inform the [c]ourt [that appellant] suffered depression and anxiety prior to entering [her] plea;

    b. failed to submit a grand jury packet on [appellant's] behalf; and

    c. coerced [appellant] into pleading guilty by telling [appellant that] she could be subject to further detention

4

on a potential violation of protective order charge or a violation of the conditions of her bond.

11. Among other claims, [appellant] allege[d] that on February 4, 2022, the date of the incident, she was at her home and not at the scene of the crime, as reported by the complainant.

12. [Appellant] attaches to her writ application the T-Mobile electronic data associated with her telephone number including incoming and outgoing calls.

13. This [c]ourt finds the T-Mobile electronic data [b]usiness [r]ecord [a]ffidavit provided by [appellant], is dated November 7, 2022.

14. [Appellant] states she received the T-Mobile electronic data on November 18, 2022.

15. This [c]ourt finds that the T-Mobile electronic data documentation was available to [appellant] after November 18, 2022.

16. This [c]ourt finds [that appellant has] fail[ed] to establish sufficient facts that the T-Mobile electronic data could not have been presented in [appellant's amended] first . . . application [for writ of habeas corpus] in cause number 1758098-A.

17. In her [amended second] application, [appellant] attached the affidavit of her son, Bobby T. Rodney III, dated February 6[], 2023.

18. In his affidavit, Mr. Rodney states that on February 4, 2022, he was at home with [appellant] at 6:00 pm and left the home at approximately 9:00 pm to get dinner.

19. Mr. Rodney further alleges that [appellant] did not leave the home after 6:00 pm on February 4, 2022.

20. This [c]ourt finds [that] the information contained in the affidavit was available to [appellant] before the date [appellant's

amended] first writ application in case number 1758098-A was filed.

21. In her amended [second] application in the instant case, [appellant] seems to allege that the complainant's mother reported [that appellant had] threatened to kill her son, the complainant, but showed the police no evidence to prove the allegations.

22. [Appellant] relies on information contained in Houston Police Department offense report #108684-22 and screenshots of text messages.

23. This [c]ourt finds that [appellant has] fail[ed] to establish sufficient specific facts that the current claims have not and could not have been presented previously in [appellant's amended] first . . . application in [trial court] ca[u]se number 1758098-A, [filed] under [Texas Code of Criminal Procedure] article 11.072.

24. This [c]ourt finds [that appellant has] fail[ed] to overcome the subsequent writ bar of [Texas Code of Criminal Procedure] [a]rticle 11.072, § 9(a)-(c).

**Conclusions of Law**

25. All subsequent writ applications filed after final disposition of an initial application must meet the requirements of [Texas Code of Criminal Procedure] [a]rticle 11.072[,] § 9(a) by including sufficient specific facts establishing that the current claims have not been and could not have been presented previously because the factual or legal basis for the claims was unavailable.

26. This [c]ourt finds that there was a final disposition in [appellant's amended] first application [for] writ of habeas corpus, in [trial court] cause number 1758098-A, making the instant writ application a subsequent writ application subject to the requirements of [Texas Code of Criminal Procedure] [a]rticle 11.072[,] § 9(a).

6

27. This [c]ourt finds that the factual basis for [appellant's] claims in the instant case was available on the dates [appellant] filed her previous application for writ of habeas corpus in [trial court] ca[u]se number 1758098-A.

28. This [c]ourt finds [that appellant has] fail[ed] to meet the requirements of [Texas Code of Criminal Procedure] [a]rticle 11.072[,] § 9(a).

(Internal citations omitted.)

## Amended First Application

In her first issue, second issue, a portion of her third issue, fifth issue, sixth issue, a portion of her seventh issue, a portion of her ninth issue, twelfth issue, and fourteenth issue, appellant raises complaints related to the trial court's denial of her amended first application for writ of habeas corpus filed in trial court cause number 1758098-A. We first address our jurisdiction to consider such complaints.

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Whether we have jurisdiction is a question of law, which we review de novo. *See Comunidad Corp. v. State*, 445 S.W.3d 401, 404 (Tex. App.—Houston [1st Dist.] 2013, no pet.). When the jurisdiction of the appellate court has not been invoked, the appellate court must dismiss an appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Strange v. State*, 258 S.W.3d 184, 185 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

7

To invoke this Court's jurisdiction, a defendant must timely file a notice of appeal. In cases where a criminal defendant is the appellant, the notice of appeal must be filed either: (1) within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). An appellate court may extend the deadline to file a notice of appeal if the defendant files a notice of appeal in the trial court and a motion for an extension of time in the appellate court within fifteen days after the deadline to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3; *McFerran v. State*, No. 14-23-00595-CR, 2023 WL 7513859, at *1 (Tex. App.—Houston [14th Dist.] Nov. 14, 2023, no pet.) (mem. op., not designated for publication). A notice of appeal that complies with the requirements of the Texas Rules of Appellate Procedure is essential to vest this Court with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

On November 2, 2022, in trial court cause number 1758098-A, appellant filed her first application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072.[7] On November 22, 2022, appellant amended her first application for writ of habeas corpus. On February 20, 2023, the trial court denied appellant's requested habeas relief and issued findings of fact and conclusions of

---

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.

law.  An order denying habeas relief under Texas Code of Criminal Procedure article 11.072 is an appealable order.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8; *Ex parte Dunkle*, No. 01-23-00046-CR, 2024 WL 2752366, at *3 n.5 (Tex. App.—Houston [1st Dist.] May 30, 2024, no pet.) (mem. op., not designated for publication).

Appellant's deadline to file a notice of appeal from the trial court's February 20, 2023 denial of habeas relief was March 22, 2023—or April 6, 2023 if a motion for extension of time had been filed.[8]  Appellant did not file a notice of appeal in trial court cause number 1758098-A.[9]  In the absence of a timely filed notice of appeal, we lack jurisdiction over appellant's complaints regarding the trial court's denial of her amended first application for writ of habeas corpus.  Thus, we dismiss for lack of jurisdiction the portion of appellant's appeal that seeks to complain about

---

[8]     No motion for new trial was filed in trial court cause number 1758098-A.

[9]     We note that on June 16, 2023, appellant, after the trial court denied her amended second application for writ of habeas corpus, filed a document in trial court cause number 1758098-B titled, "Application for Certificate of Appealability in 177th District [C]ourt."  In that document, appellant stated that the trial court, on May 18, 2023, had denied her amended second application for writ of habeas corpus and she "would like to appeal th[at] decision."  *See Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007); *Ex parte Walker*, Nos. 01-21-00663-CR to 01-21-00665-CR, 2022 WL 1273308, at *9–10 (Tex. App.—Houston [1st Dist.] Apr. 28, 2022, no pet.) (mem. op., not designated for publication).  Although the document was only filed in trial court cause number 1758098-B, even were we to construe it as a notice of appeal related to the trial court's denial of appellant's amended first application of writ of habeas corpus, it would be untimely.

9

the trial court's denial of habeas relief in trial court cause number 1758098-A.[10] *See, e.g., Ex parte Rucker*, Nos. 05-21-00364-CR, 05-21-00365-CR, 2022 WL 714744, at *2 (Tex. App.—Dallas Mar. 10, 2022, pet. ref'd) (mem. op., not designated for publication) (holding appellate court lacked jurisdiction to review trial court's denial of appellant's first application for writ of habeas corpus because of untimely notice of appeal); *Ex parte Nicholson*, No. 01-20-00751-CR, 2021 WL 497240, at *2 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication) (dismissing portion of appeal related to trial court's denial of appellant's first application for writ of habeas corpus because of untimely notice of appeal).

## Inadequate Briefing

In a portion of her third issue, her fourth issue, a portion of her seventh issue, her eighth issue, a portion of her ninth issue, her tenth issue, her eleventh issue, and her thirteenth issue, appellant raises complaints about the trial court's denial of her amended second application for writ of habeas corpus filed in trial court cause number 1758098-B as well as certain errors purportedly committed by the trial court in the underlying criminal case, trial court cause number 1758098.[11]

---

[10] We dismiss appellant's complaints raised in issues one, two, a portion of three, five, six, a portion of seven, a portion of nine, twelve, and fourteen which relate to the trial court's denial of habeas relief on February 20, 2023 in trial court cause number 1758098-A.

[11] Due to our holding, we need not address whether appellant's complaints about purported errors by the trial court in the underlying criminal case—trial court cause number 1758098—are appropriate complaints to raise in this appeal from the denial

To assert an issue on appeal, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellant waives an issue on appeal if she does not adequately brief that issue by not providing supporting arguments, substantive analysis, and appropriate citations to authorities and to the record. *See id.*; *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Chaves v. State*, 630 S.W.3d 541, 555, 557–58 (Tex. App.—Houston [1st Dist.] 2021, no pet.). As the Texas Court of Criminal Appeals has emphasized, an appellate court has no obligation to construct and compose issues, facts, and arguments with appropriate citations to authorities and the record for the appellant. *See Wolfe v. State*, 509 S.W.3d 325, 342–43 (Tex. Crim. App. 2017); *Busby*, 253 S.W.3d at 673; *see also Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000) ("We will not make appellant's arguments for him . . . ."). A brief that does not comply with Texas Rule of Appellate Procedure 38.1 presents nothing for an appellate court to review. *See Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).

In a portion of her third issue, her fourth issue, a portion of her seventh issue, her eighth issue, a portion of her ninth issue, her tenth issue, her eleventh issue, and

---

of appellant's amended second application for writ of habeas corpus. *See* TEX. R. APP. P. 47.1.

her thirteenth issue, appellant appears to complain about the trial court's denial of her amended second application for writ of habeas corpus filed in trial court cause number 1758098-B as well as certain errors purportedly committed by the trial court in the underlying criminal case, trial court cause number 1758098. But the entirety of the argument section in appellant's briefing is difficult to discern, and it does not appear from appellant's briefing that she has addressed all the issues included in the "Issue Presented" section of her brief, which also lacks coherence.

As noted above, Texas Rule of Appellate Procedure 38.1 requires an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellant waives her complaints on appeal when her briefing does not adhere to Texas Rule of Appellate Procedure 38.1's clarity requirement. *See Adell v. State*, No. 01-21-00439-CR, 2023 WL 4938111, at *57 (Tex. App.—Houston [1st Dist.] Aug. 3, 2023, pet. ref'd) (mem. op., not designated for publication); *Aybar v. State*, Nos. 12-09-00320-CR, 12-09-00321-CR, 2010 WL 3158583, at *1 (Tex. App.—Tyler Aug. 11, 2010, no pet.) (mem. op., not designated for publication); *Muniz v. State*, Nos. 12-07-00363-CR to 12-07-00365-CR, 2009 WL 1492838, at *4 (Tex. App.—Tyler May 29, 2009, no pet.) (mem. op., not designated for publication) (appellant waives issue when he "fail[s] to make a[] cogent argument"); *see also Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV to 09-21-00045-CV,

2022 WL 1412303, at *2–4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (where briefing contains confusing and disjointed issues, those issues waived due to inadequate briefing).

Here, we cannot say that appellant adequately briefed the above-referenced issues on appeal because she has not provided this Court with clear and sufficient supporting arguments and substantive analysis, with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i); *see also Wyatt*, 23 S.W.3d at 23 n.5 ("We will not make appellant's arguments for him . . . ."); *Thoman v. State*, No. 07-11-0278-CR, 2013 WL 1385245, at *2 (Tex. App.—Amarillo Apr. 4, 2013, pet. ref'd) (mem. op., not designated for publication) ("The absence of a cogent argument supported by substantive analysis and citations leaves the issues inadequately briefed and presenting nothing for review."); *Muniz*, 2009 WL 1492838, at *4 (appellant waived issue on appeal where he did not "offer any meaningful argument in his brief"). Although appellant is representing herself on appeal, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the Texas Rules of Appellate Procedure. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988); *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd); *Vaughan v. State*, No. 05-12-01432-CR, 2014 WL 37336, at *1 (Tex. App.—Dallas Jan. 6, 2014, no pet.) (mem. op., not designated for publication).

Accordingly, we hold that appellant has waived her complaints raised in the portion of her third issue, her fourth issue, the portion of her seventh issue, her eighth issue, the portion of her ninth issue, her tenth issue, her eleventh issue, and her thirteenth issue which relate to either the trial court's denial of her amended second application for writ of habeas corpus or purported errors committed by the trial court in her underlying criminal case.

## Conclusion

We dismiss the portion of this appeal that seeks to challenge the trial court's denial of appellant's amended first application for writ of habeas corpus filed in trial court cause number 1758098-A. We affirm the order denying appellant's requested habeas relief in trial court cause number 1758098-B.


Julie Countiss
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).